a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MOHAMMAD USAMA PATEL
#A098-164-143,
Petitioner

CIVIL DOCKET NO. 1:26-CV-03856 SEC P

VERSUS

JUDGE EDWARDS

JONATHAN CRAWFORD ET AL,
Respondents

MAGISTRATE JUDGE PEREZ-MONTES

---

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Mohammad Usama Patel ("Patel"), an immigration detainee at Central Louisiana ICE Processing Center in Jena, Louisiana. Patel challenges the legality of his continued detention.

Because additional information is necessary to evaluate Patel's claim, he must AMEND the Petition.

## I. Background

Patel is a native and citizen of Pakistan who alleges that he entered the United States in 1998. ECF No. 1 at 2. He was ordered removed on April 18, 2026, and he did not appeal. *Id.* Patel asserts that the length of his detention has become unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

## II. Law and Analysis

Once an alien is ordered removed, the Government must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U. S. C. § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. A petitioner is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702.

Patel does not allege any reasons why his removal is unlikely to occur in the reasonably foreseeable future. Accordingly, he must amend the Petition to explain why he believes his removal is not significantly likely to occur in the reasonably

foreseeable future. Patel should also provide copies of any documents to support his claim.

## III. Conclusion

Because additional information is needed to evaluate the Petition, IT IS ORDERED that Patel AMEND the Petition as instructed within 30 days.

SIGNED on Friday, October 30, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE